VIRGINIA RANDALL *et al.*, Plaintiffs-Appellants, *v.* RUBIN NAUM, Defendant-Appellee.

First District (2nd Division)    No. 80-2990

Opinion filed December 22, 1981.

---

Walter M. Ketchum, Ltd., of Chicago (John C. Griffin, of counsel), for appellants.

Victor J. Piekarski and Glen E. Amundsen, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from a jury verdict rendered for defendant in a suit seeking damages for plaintiff's injuries incurred when her automobile was struck by defendant's car. At the close of all the evidence on liability, the trial court held that defendant was negligent as a matter of law, but that the issue of contributory negligence was a question of fact for the jury. The issues raised on appeal are whether: (1) the verdict was against the manifest weight of the evidence; (2) the trial court properly denied plaintiff's motion for a directed verdict; and (3) defense counsel's comment in closing argument denied plaintiff a fair trial. For the reasons set forth below, we affirm.

At trial, plaintiff, Virginia Randall, testified that at about 5:30 p.m. on October 18, 1974, she was driving in a southerly direction on the Stevenson Expressway with her two daughters as passengers. Her car occupied the left lane of three traffic lanes. She noticed that traffic was congested in all three lanes and that a traffic bottleneck had developed. She stopped her vehicle for approximately one minute. In her rearview mirror, she observed a car approaching from behind, the driver of which, defendant, was looking down. The front end of defendant's car collided with the rear end of hers, propelling it 20 to 30 feet forward. Her car did not touch the car in front of her, because traffic had begun to move again. She felt a sharp pain in her back, thumbs, neck and elbow and testified as to her injuries and medical treatment, which is not at issue in this appeal.

Defendant Rubin Naum was called by plaintiff as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par.

60). He testified that on the day and at the time of the accident, traffic was very heavy in all three southbound lanes and proceeded at a "stop and go" pace, with traffic moving "bumper to bumper." Plaintiff's car had been traveling in front of his at about 30 to 35 miles per hour when it suddenly came to "a very fast stop," too quickly for him to avoid hitting it. It was difficult to determine how long Randall's car had been stopped before the accident; his estimate of this time interval ranged from a "fraction of a second" to a "few seconds."

Plaintiff contends that she is entitled to a new trial on the ground that the jury's verdict was against the overwhelming weight of the evidence. We disagree. Naum testified that Randall's car had been traveling at about 30 to 35 miles per hour when it made an abrupt stop the instant before the accident. Although this testimony conflicts with Randall's, the responsibility of weighing the credibility of witnesses rests with the jury which directly observes their demeanor while testifying. *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624.

■■ The jury could have justifiably found Naum's version more credible than Randall's testimony that she had been stopped for approximately one minute just before the accident. Her testimony would have required the jury to believe that at the moment plaintiff stopped her car, defendant was almost one-half mile behind, assuming, as the jury could have based on the evidence, that defendant was traveling at about 30 to 35 miles per hour immediately before the accident. The jury could have considered it unlikely that cars would be approximately one-half mile apart during a congested rush hour on the Stevenson Expressway, with traffic proceeding at a stop and go pace, traveling bumper to bumper. Although Naum's estimate of how long Randall's car had been stopped before the collision varied from a "fraction" of a second to a "few" seconds, such a discrepancy does not undermine his credibility as a matter of law; the jury could have reasonably believed his statement, consistent throughout the trial, that plaintiff's car came to an abrupt, sudden stop the moment before the accident and that the suddenness of the stop was unjustified in view of the surrounding traffic conditions. *Morse v. Johnson* (1980), 81 Ill. App. 3d 552, 555, 401 N.E.2d 654; *Ryon v. Javior* (1979), 69 Ill. App. 3d 946, 387 N.E.2d 936; *Zerbenski v. Tagliarino* (1978), 67 Ill. App. 3d 166, 384 N.E.2d 753.

Plaintiff contends that the trial court erred in denying her motion for a directed verdict on the issue of contributory negligence. For the reasons set forth above, the jury's verdict was sufficiently supported by the evidence; it follows that the denial of plaintiff's motion was entirely proper. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.

■■ Finally, plaintiff contends that defendant's closing argument was in-

flammatory and unreasonable and that the resulting prejudice to plaintiff necessitates a new trial. Error is assigned to defense counsel's comment in closing argument: "Certainly you've heard nothing here today to indicate a case of $30,000. Now you know why we had to try it." Whereas defendant's comment was improper insofar as it was not based entirely on the evidence adduced at trial (*Lasswell v. Toledo, Peoria & Western R.R. Co.* (1976), 41 Ill. App. 3d 568, 574-75, 354 N.E.2d 25), it was not so prejudicial as to require a new trial. Further, the trial court sustained plaintiff's objection to the comment and promptly admonished the jury to disregard it. No other reference was made thereto. The jury later was instructed to ignore any statement or remark which had no basis in the evidence. Finally, the comment pertained primarily to the extent of plaintiff's damages, an issue which the jury did not reach. In view of the foregoing, we cannot conclude that defendant's remark deprived plaintiff of a fair trial. *Hahn v. Norfolk & Western Ry. Co.* (1978), 59 Ill. App. 3d 904, 910, 375 N.E.2d 914; *Lopez v. Galeener* (1975), 34 Ill. App. 3d 815, 821, 341 N.E.2d 59.

For the foregoing reasons, the judgment of the circuit court must be affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.