ANNE CAREY, Plaintiff-Appellant, v. J.R. LAZZARA, INC., Defendant-Appellee.

First District (4th Division)   No. 1—94—0830

Opinion filed January 25, 1996.

John E. Marszalek, of Marszalek & Marszalek, of Chicago (Brian P. Liston, of Foran & Schultz, and Gregory R. Sun, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Leslie J. Rosen, of counsel), for appellee.

JUSTICE THEIS delivered the opinion of the court:

The plaintiff, Anne Carey, appeals from a judgment entered in favor of the defendant, J.R. Lazzara, Inc., following a jury trial on her action for negligence. On appeal, we must determine whether the trial court committed reversible error by (1) giving Illinois Pattern Jury Instructions, Civil, No. B120.09 (3d ed. 1993) (hereinafter IPI Civil 3d No. B120.09) and refusing the plaintiff's tendered jury instruction concerning her burden of proof, (2) responding to a note from the jury by directing it to rely on previously given instructions without first consulting the parties, and (3) ruling as it did on certain objections during the parties' closing arguments. We hold that the trial court properly instructed the jury using IPI Civil 3d No. B120.09 because it accurately stated the applicable law in this case as required

by Illinois Supreme Court Rule 239(a) (134 Ill. 2d R. 239(a)). We also conclude that the trial court did not commit reversible error in ruling on several objections made during closing arguments. Finally, under the circumstances of the case, both the trial court's decision to respond to the jury's note without first alerting the parties and the substance of the court's answer did not constitute reversible error. Therefore, we affirm.

On March 7, 1990, the plaintiff, Anne Carey, attended a luncheon and book review at the Martinique Drury Lane (Martinique) in the Village of Evergreen Park, Illinois (Village). As she descended a winding spiral staircase that led from the first to the second floor, she slipped and fell.

At trial, the plaintiff testified that the stairway was crowded. She further explained that she fell down the stairs as she attempted to grasp the handrail on her left, which she was unable to reach. However, the plaintiff could not recall the events leading up to her fall, such as where she was standing when she tripped. As a result of the fall, the plaintiff broke her left hip.

The record shows that the staircase at the Martinique was built in 1971. The record further shows that, at the time of the plaintiff's fall, handrails were located only to the right and left of the staircase.

James Peterson, a licensed architect and structural engineer, testified that in his opinion the staircase was unreasonably dangerous because it violated the Chicago building code, regulations of the Occupational Safety and Health Act (OSHA), the National Life Safety Code and the Building Officials Conference of America Code (BOCA). All of these guidelines state that center handrails should be placed on staircases that are more than 88 inches wide. The parties agree that the staircase at the Martinique was 102 inches wide and did not contain a center handrail.

The president and owner of J.R. Lazzara, Inc., Raymond Lazzara, testified that he never received notice of any code violations with respect to the staircase. Anthony DiSantis, owner of the Martinique from 1946 until 1988, testified that the architectural building plans for the ballroom and staircase were approved by the Village and that the Village issued a permit for construction. DiSantis testified that the Village never cited him for any building code violations.

Edwin Lammel, a building and fire inspector for the Village, testified that the Martinique had never been cited for any staircase code violations. However, Lammel agreed that the staircase at the Martinique should have had a center handrail.

Following a jury trial, the court entered a judgment on the verdict in favor of the defendant, J.R. Lazzara, Inc. The court denied

the plaintiff's post-trial motions. The plaintiff now appeals seeking a reversal, a judgment notwithstanding the verdict and new trial as to damages or, in the alternative, a reversal and a new trial.

The plaintiff first contends that the trial court erred by giving IPI Civil 3d No. B120.09 to instruct the jury on her burden of proof, and refusing her tendered, modified version of the instruction. The propositions contained in IPI Civil 3d No. B120.09 that are at issue here provide that the plaintiff had to prove:

"First: That there was a condition of the defendant's property which presented an unreasonable risk of harm to persons on the premises.

Second: That the defendant knew, or in the exercise of ordinary care should have known, that the condition of his property involved an unreasonable risk of harm to persons on the premises.

Third: That the defendant should have anticipated that persons on the premises would not discover or realize the danger, or would otherwise fail to protect themselves against it." IPI Civil 3d No. B120.09.

In contrast, the plaintiff's modified version of the instruction provides in part:

"The plaintiff has the burden of proving each of the following propositions:

First: That there was a condition of the defendant's property which presented an unreasonable risk of harm to persons on the premises or that the defendant violated an applicable ordinance intended to protect the class of persons of whom plaintiff was one.

Second: That the defendant either knew, or in the exercise of ordinary care should have known, that the condition of his property involved an unreasonable risk of harm to persons on the premises or that the defendant violated an applicable ordinance intended to protect the class of persons of whom plaintiff was one."

The remainder of the plaintiff's tendered instruction omits the third proposition of the IPI version.

■ We recognize that the decision to give or deny a jury instruction is within the trial court's discretion and a new trial should be granted only if a party's right to a fair trial has been seriously prejudiced. (*Palmer v. Mount Vernon Township High School District 201* (1995), 269 Ill. App. 3d 1056, 1062, 647 N.E.2d 1043, 1047-48.) The standard for determining whether a trial court abused its discretion in giving or refusing a jury instruction is whether, taken as a whole, the instructions fully, fairly and comprehensively informed the jury of the relevant legal principles. (*Palmer*, 269 Ill. App. 3d at 1062, 647 N.E.2d at 1048.) The test of the propriety of a particular instruction

is whether it fairly and accurately states the law. (*Wind v. Hy-Vee Food Stores, Inc.* (1995), 272 Ill. App. 3d 149, 650 N.E.2d 258.) We note that under Illinois Supreme Court Rule 239(a), there is a presumption that a trial court should use Illinois Pattern Instructions when applicable, "giving due consideration to the facts and the prevailing law." 134 Ill. 2d R. 239(a); *Pruett v. Norfolk & Western Ry. Co.* (1994), 261 Ill. App. 3d 29, 632 N.E.2d 652.

IPI Civil 3d No. B120.09 is based on the Restatement (Second) of Torts § 343 (1965) (section 343), which defines the liability of owners and possessors of land for conditions on the premises. The Illinois Supreme Court adopted section 343 in *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465. In *Genaust,* the court stated that section 343 "correctly states the settled law regarding the liability of possessors of land to invitees." (*Genaust,* 62 Ill. 2d at 468, 343 N.E.2d at 472.) In *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 155, 554 N.E.2d 223, the Illinois Supreme Court reaffirmed and applied sections 343 and 343A of the Restatement (Second) of Torts (1965) as the governing standards in premises liability cases.

■ The plaintiff advances two arguments in support of her contention that IPI Civil 3d No. B120.09 should not have been given, and we reject both. First, the plaintiff argues that because *Genaust* is factually distinguishable, the jury should not have been instructed on IPI Civil 3d No. B120.09. She maintains that IPI Civil 3d No. B120.09 only applies in failure to warn cases where there is a dangerous condition on adjoining property and no code violations exist. We find that the plaintiff's interpretation of *Genaust* as it relates to IPI Civil 3d No. B120.09 is unnecessarily narrow and unsupported by existing law. Likewise, we reject her argument that IPI Civil 3d No. B120.09 is always improper because it requires a plaintiff to prove his or her freedom from contributory negligence. IPI Civil 3d No. B120.09 does not place any such burden on the plaintiff, and the trial court specifically instructed the jury that the defendant carried the burden of proving contributory negligence.

The plaintiff further contends that the trial court erred by refusing her tendered instruction. She maintains that proof of a violation of a safety ordinance eliminated her burden of proving that the defendant had actual or constructive knowledge or notice of an unreasonably dangerous condition.

We determine that the plaintiff has misinterpreted the law in Illinois concerning the significance of a building code violation as it relates to a plaintiff's cause of action for negligence. As such, we conclude that the trial court did not abuse its discretion in refusing the plaintiff's proposed instruction and in giving IPI Civil 3d No. B120.09.

In Illinois, violation of an applicable statute or ordinance is *prima facie* evidence of negligence. (*Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 581 N.E.2d 656; *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) An ordinance violation does not constitute negligence *per se*, and therefore a defendant may prevail despite an ordinance violation by showing that he or she acted reasonably under the circumstances. (*Kalata*, 144 Ill. 2d at 435, 581 N.E.2d at 661.) Although the burden of going forward with evidence may shift between the parties, the burden of proving the defendant's negligence remains on the plaintiff. See generally *Anderson v. Department of Public Property* (1986), 140 Ill. App. 3d 772, 777-78, 489 N.E.2d 12, 15.

■ Here, in addition to giving IPI Civil 3d No. B120.09, the trial court instructed the jury using IPI Civil 3d No. 60.01, which stated that certain ordinances were in effect in the Village at the time of the plaintiff's injury and then listed the ordinances. The instruction further provided:

> "If you decide that a party violated the ordinance on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, a party was negligent before and at the time of the occurrence." (IPI Civil 3d No. 60.01.)

This instruction provided an accurate and complete statement of the law concerning the existence of ordinance violations. See *Kalata*, 144 Ill. 2d 425, 581 N.E.2d 656.

Also, the notes on use applicable to IPI Civil 3d No. B120.09 state that it should be used when a cause of action arises from a dangerous condition on the defendant's premises. The notes on use further provide that the instruction should not be used in situations where liability is predicated on the negligent activities of a property owner or its agents. See *Piper v. Moran's Enterprises* (1984), 121 Ill. App. 3d 644, 459 N.E.2d 1382.

The plaintiff directs us to the recent decision of *Wind v. Hy-Vee Food Stores, Inc.* (1995), 272 Ill. App. 3d 149, 650 N.E.2d 258, arguing that it applies to the present case. In *Wind*, the plaintiff tripped on the edge of a floor mat in the defendant's store and sustained injuries. The defendant's employees allegedly had placed floor mats in the doorway of the store. The plaintiff further alleged that the floor mats did not lie flat, but rather were wrinkled and buckled in spots, thereby causing her fall.

The court in *Wind* held that it was reversible error for the court to use IPI Civil 3d No. B120.09 to instruct the jury about the liability of a landowner as expressed in *Genaust* and section 343 of the Restatement (Second) of Torts. The court reasoned that the plaintiff's

complaint did not allege the existence of a "condition on the premises" as outlined in *Genaust*. (*Wind*, 272 Ill. App. 3d at 157, 650 N.E.2d at 263.) Rather, the plaintiff's claim focused on the negligent actions of the defendant or its servants in placing a "substance" on the premises, related to the defendant's business, which causes injury. *Wind*, 272 Ill. App. 3d at 155, 650 N.E.2d at 262.

■ We find *Wind* inapposite. Here, the allegations of the plaintiff's complaint which comprise the issues instruction submitted to the jury state that the defendant was negligent because it: (1) failed to provide a center handrail, (2) failed to provide adequate lighting, (3) provided a winding stairway with narrow steps, (4) provided one means of exiting the luncheon, and (5) provided handrails that were not easily grasped. In this case, liability was predicated on the dangerous condition existing on the defendant's premises and not on the defendant's negligent activities. Therefore, the plaintiff's tendered instruction is not a complete and accurate statement of the law. Consequently, we conclude that the trial court did not err in giving the jury IPI Civil 3d No. B120.09 and refusing the plaintiff's proposed instruction.

Additionally, the plaintiff argues that she did not have to prove that the defendant had notice of the ordinance violation in order to prevail; however, IPI Civil 3d No. B120.09 does not require such proof. Rather, the instruction says that the plaintiff has the burden of proving that the defendant knew or in the exercise of ordinary care should have known that the condition of his property involved an unreasonable risk of harm.

The plaintiff's second contention on appeal is that she did not receive a fair trial because the court responded to a note from the jury without alerting the parties. The plaintiff also takes issue with the manner in which the court responded to the note. The jury sent a note to the judge asking the following three questions:

"Does violating a code subject patrons to an unreasonable risk? Does a code carry same weight as a law? Is violation of building code breaking the law?"

The record shows that the trial court answered the question in writing as follows:

"The law requires you to render your verdict on the evidence and instructions already given."

The plaintiff contends that the court erred by answering the jury's questions without first advising the parties that questions had been posed. She claims that it denied the plaintiff the opportunity to suggest an answer. She argues that *ex parte* communications between the judge and jury such as this one are prohibited, citing *Slavin*

*v. Saltzman* (1994), 268 Ill. App. 3d 392, 643 N.E.2d 1383. The plaintiff argues that the jurors' note demonstrates that they clearly did not realize that an ordinance is a law and the court abused its discretion in referring the jurors back to the previously given instructions.

First, the plaintiff incorrectly relies on *Slavin* for the proposition that the court's failure to alert the parties to the existence of the note constitutes reversible error. In *Slavin*, the court explicitly questioned the foreperson of the jury after the verdict was submitted. The court then used the juror's responses to fill in the blanks on a verdict form. All of the questioning took place outside of the presence of defense counsel. On appeal, the court held that it was reversible error for the trial court to have questioned the foreperson outside of the presence of defense counsel because it denied the defendant the opportunity to make a motion to instruct the jury, provide suggestions or move for a court reporter.

■ Further, in order to show that the court erred in responding to the jury's note as it did, the plaintiff must show that an abuse of discretion occurred. (*Waterford v. Halloway* (1986), 142 Ill. App. 3d 668, 491 N.E.2d 1199.) The court properly instructed the jury using IPI Civil 3d No. 60.01, which stated that certain ordinances were in effect at the time of the plaintiff's injury and that evidence of ordinance violations may be considered in determining whether the defendant was negligent. Therefore, because the instructions accurately stated the law, the court did not abuse its discretion in directing the jury to refer to the instructions given.

During closing argument plaintiff's counsel focused on the uncontradicted evidence that the stairway at the Martinique violated the Chicago building code. Based on the nature of the questions asked by the jury, the court's response, the jury instruction concerning the significance of code violations and plaintiff's closing argument, we conclude that the trial court did not abuse its discretion in answering the jury's question as it did. We emphasize that our holding is limited to the circumstances presented on appeal. It would have been better practice for the court to have alerted the parties before responding in any manner.

■ The plaintiff's last contention on appeal is that four of the trial court's rulings during closing arguments amount to reversible error. We have examined all of the plaintiff's arguments as well as the relevant portions of the record and conclude that none of the trial court's rulings constitute reversible error. First, with respect to a defense comment concerning the plaintiff's failure to prove notice, we find that when viewed in the context of the entire argument, the trial court did not err in overruling the plaintiff's objection.

Next, because the plaintiff never definitively testified as to why or even how she fell, the court did not abuse its discretion in allowing the defendant to argue that she may have fallen due to some fault of her own. We further reject the argument that the plaintiff should have been permitted to argue that the jury "must not hold" the plaintiff to the standard of a young woman. Although the jury may keep the plaintiff's age "in mind," the law does not compel the jury to hold her to the standard of a reasonable 73-year-old woman. (*Stogsdill v. Manor Convalescent Home, Inc.* (1976), 35 Ill. App. 3d 634, 651, 343 N.E.2d 589, 603.) Therefore, because the plaintiff's comment did not accurately reflect the law, the trial court did not abuse its discretion by sustaining the defendant's objection.

Finally, the plaintiff argues that two of the defendant's rhetorical questions concerning damages constituted prejudicial error. Both of the plaintiff's objections to these comments were sustained and the jury never reached the issue of damages. Therefore, they cannot constitute reversible error. See *Randall v. Naum* (1981), 102 Ill. App. 3d 758, 430 N.E.2d 323.

For the reasons stated, we affirm the judgment entered in favor of the defendant.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.