ADVANCED IMAGING CENTER OF NORTHERN ILLINOIS LIMITED PARTNERSHIP, Plaintiff, v. GEORGE E. CASSIDY, Defendant and Third-Party Plaintiff and Counterdefendant-Appellant (Spiros Gerolimatos, Third-Party Defendant and Counterplaintiff-Appellee; Craig Palmquist *et al.*, Defendants and Counterdefendants; Diagnostic Imaging Services, Inc., *et al.*, Defendants).

Second District   No. 2—02—0265

Opinion filed December 11, 2002.

Riccardo A. DiMonte and Robert S. Minetz, both of DiMonte & Lizak, of Park Ridge, for appellant.

Thomas M. Crisham, David M. Jenkins, Jean M. Prendergast, and Ellen M. Carey, all of Crisham & Kubes, Ltd., of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

In this interlocutory appeal, defendant and third-party plaintiff and counterdefendant, George E. Cassidy, M.D., seeks review of the trial court's denial of his petition to stay proceedings after Cassidy made an election to buy the interests of third-party defendant and counterplaintiff, Spiros Gerolimatos, M.D., in certain jointly owned companies. We affirm.

The facts are taken from the record. Gerolimatos and Cassidy, both practicing radiologists in Illinois, were business partners in two diagnostic imaging centers, facilities that perform magnetic resonance imagings (MRIs), mammograms, ultrasounds, bone marrow density tests, and other diagnostic tests.

This suit arises out of a 15-count complaint filed by one of the businesses in which Gerolimatos and Cassidy shared an interest, namely, plaintiff, Advanced Imaging Center of Northern Illinois Limited Partnership (Advanced Imaging). Advanced Imaging named as defendants Cassidy; Craig Palmquist, Advanced Imaging's manager; Omega Diagnostic Imaging Management, Inc. (Omega), Palmquist's managing company; and various companies owned in whole or in part by Cassidy. Some of the companies sued by Advanced Imaging were co-owned by Cassidy and Gerolimatos. Cassidy then brought a third-party action against Gerolimatos, seeking contribution or indemnification against Advanced Imaging's claims. Believing that Cassidy wrongfully obtained money from the jointly owned companies and that these acts threatened to render the companies insolvent, Gerolimatos filed a six-count counterclaim against Cassidy, Palmquist, and Omega. Count I sought an accounting; count II sought a declaratory judgment regarding Barrington Imaging, Ltd., and reimbursement

from Cassidy for diverting money from the company; count III alleged breach of fiduciary duty against Cassidy related to the jointly owned companies; count IV, against all three named defendants, sought the appointment of a receiver pursuant to common law and section 12.56 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/12.56 (West 2000)); count V, against Palmquist and Omega, alleged aiding and abetting Cassidy's breach of fiduciary duty; and count VI, against all three defendants, alleged a conspiracy between Omega, Palmquist, and Cassidy. The parties obtained an agreed order for a complete audit and accounting of the jointly owned companies named by Gerolimatos in his complaint. Subsequently, Cassidy filed an election to purchase Gerolimatos's shares of stock in four jointly owned companies, under section 12.56(a) of the Act (805 ILCS 5/12.56(a) (West 2000)). Cassidy offered $500 for each of the four companies: CCG Corporation, Comprehensive Imaging Services, Inc., Suburban Imaging Center Limited Partnership, and Diagnostic Center, Ltd. Except for Diagnostic Center, Ltd., these companies are named defendants in Advanced Imaging's complaint. Cassidy also sought a stay of the entire action premised on his election pursuant to the Act. After hearing argument, the trial court denied Cassidy's motion to stay, and Cassidy filed this timely interlocutory appeal.

On appeal, Cassidy argues that the trial court erred by denying his motion to stay all counts against him, that is, not only the count based on section 12.56 of the Act, but the common-law counts as well. Cassidy asserts that section 12.56(f) mandates a stay of all of Gerolimatos's claims and the trial court had no authority to deny the petition. We disagree with Cassidy.

■ Generally, the scope of review in an interlocutory appeal is limited to an examination of whether the trial court abused its discretion. *Hamlin v. Harbaugh Enterprises, Inc.*, 324 Ill. App. 3d 612, 616 (2001). However, where a question of law is presented, a reviewing court examines the issue *de novo*. See *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996).

■ In interpreting a statute, a court begins with its language, which must be given its plain and ordinary meaning. *People v. Baltzer*, 327 Ill. App. 3d 222, 229 (2002). If there is doubt as to the interpretation of a legislative enactment, the doubt must be resolved in favor of the interpretation that supports the statute's validity. *Forest Preserve District of Du Page County v. Brown Family Trust*, 323 Ill. App. 3d 686, 692 (2001). Thus, a statute will be construed to avoid an unconstitutional result. *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 168 (1995).

■ Subsections 12.56(a) and (b)(11) of the Act permit a shareholder

of a nonpublic corporation to elect to purchase the shares of the other shareholders in certain circumstances. 805 ILCS 5/12.56(a), (b)(11) (West 2000).

Section 12.56(f) provides in relevant part:

"At any time within 90 days after the filing of the petition under this Section, or at such time determined by the court to be equitable, the corporation or one or more shareholders may elect to purchase all, but not less than all, of the shares owned by the petitioning shareholder for their fair value." 805 ILCS 5/12.56(f) (West 2000).

Section 12.56(f)(6) provides that, if the parties are unable to reach an agreement on the value of the shares, the "court, upon application of any party, *shall stay the proceeding under subsection (a)* and shall determine the fair value of the petitioner's shares." (Emphasis added.) 805 ILCS 5/12.56(f)(6) (West 2000).

The statute expressly limits its scope to "the proceeding." Nothing in this subsection, or any other part of the Act, indicates that the court must stay every claim raised by a shareholder. Nothing in the statute supports Cassidy's position that all claims between the parties must be stayed. We agree with the following analysis of the Appellate Court, Third District:

"It is apparent that the drafters of the Model Act intended for any additional claims of the shareholder not brought pursuant to section 12.56(a) to continue through the adjudication process even after the shareholder's shares have been purchased and the section 12.56(a) petition dismissed." *Hamlin v. Harbaugh Enterprises, Inc.*, 324 Ill. App. 3d 612, 620 (2001) (analyzing the official comment to section 14.34 of the Model Business Corporation Act Annotated (3 ABA Model Business Corporation Act Ann. § 14.34, Official Comment 4(c), at 14—152 (3d ed. Supp. 1998-99)).

This interpretation is supported by subsection 12.56(c), which provides that the remedies provided by the Act "shall not be exclusive of other legal and equitable remedies which the court may impose." 805 ILCS 5/12.56(c) (West 2000).

■ We do not agree with Cassidy's position that a stay is mandatory for Gerolimatos's claims. Cassidy contends that the word "shall" mandates the court stay the proceedings and that the court has no discretion to deny the request to stay. We recognize that "shall" ordinarily indicates a mandatory legislative intent. See *People v. O'Brien*, 197 Ill. 2d 88, 93 (2001). However, "shall" may be construed as permissive or directive, depending on its context. *Chicago School Reform Board of Trustees v. Martin*, 309 Ill. App. 3d 924, 933 (1999). In this case, the legislature enacted section 12.56 to enlarge the court's discretionary authority under the Act. See *Schirmer v. Bear*, 174 Ill.

2d 63, 74 (1996). Cassidy's interpretation is contrary to the legislature's intent, as his interpretation limits the court's discretion. Thus, we determine that, as a matter of law, section 12.56(f) does not mandate a stay but provides that a court may grant a stay in its discretion. We note that, although the issue of the separation of powers was not raised by the parties, Cassidy's interpretation may be invalid as a violation of that doctrine. See Ill. Const. 1970, art. II, § 1; *Kunkel v. Walton*, 179 Ill. 2d 519, 528 (1997) (holding that a statute regarding a judicial procedure is unconstitutional if the statute conflicts with court rules or unduly infringes upon inherent judicial powers). However, we need not reach this issue because we can decide this case on other grounds. See *City of Chicago v. Powell*, 315 Ill. App. 3d 1136, 1140 (2000).

Contrary to Cassidy's contention, *Hamlin*, 324 Ill. App. 3d 612, does not state that common-law claims based on plaintiff's status as a shareholder must be stayed. Rather, the court held that, to determine which claims should be stayed, the court should consider the underlying equities of the case. *Hamlin*, 324 Ill. App. 3d at 620-21. When interpreting a statute, we must presume that the legislature did not intend to displace common-law remedies unless expressly stated to the contrary. See *Tomczak v. Planetsphere, Inc.*, 315 Ill. App. 3d 1033, 1038-39 (2000). Cassidy cites nothing in the statute expressing the legislature's intention to displace or change the common law.

Further, the record supports the trial court's denial of Cassidy's petition to stay the proceedings. The underlying equities of the case weigh in favor of denying Cassidy's petition to stay the proceedings. Cassidy is not the sole defendant named in Gerolimatos's complaint. Four of the counts involve a company that Cassidy has no ownership interest in and, thus, Cassidy made no election to purchase its shares. Also, a stay in this case may permit Cassidy to take control over the corporations that he allegedly harmed. Accordingly, we cannot say that the court abused its discretion by denying Cassidy's petition to stay the proceedings.

Finally, Cassidy urges this court to remand this case for a hearing on his motion to stay the proceedings. We decline to do so because the record shows that there was a hearing on the motion, Cassidy did not request a more expansive hearing, and Cassidy cannot show that he was not given a full opportunity to be heard at that time. Thus, this issue is waived. See *Cabrera v. First National Bank of Wheaton*, 324 Ill. App. 3d 85, 103 (2001).

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GROMETER and CALLUM, JJ., concur.